The Chief Justice
delivered tbe opinion of the court.*
This was an action by petition upon a note bearing date tbe 13th of September, 1797, and becoming due twelve months thereafter. Judgment ivas entered by default for the principal sum, with interest at the rate of six per cent per annum, from the time the note became due until paid,
■' At the date of the note the legal rate of interest was five per cent, but before it became due, the act of assembly changing the rate of interest to six. percent, passed, and the question is, whether the law, as it was ai the date of the note, or at the time it became due, should be tbe rule of decision with respect to the rate of interest.
Between the right arising from a contract, and the remedy to enforce it, there is a manifest distinction. The latter must, of necessity, be regulated according to the law of the time and place in which it is sought; Rut it is a settled rule that the former is to be governed by the law at the time and place of making the contract; and that the rate of interest which should be allowed on a contract, relates to the right, and not to the remedy, is indisputable. It seems, therefore, to follow as a necessary consequence, that the *398 rate of interest should, in this case, be regulated by law as it was at the date of the note.
Mbb for appellant, Talñot for app.ellee.
The other points maclein the case are evidently untena* ble, and need not be noticed.*
Judgment reversed with costs, and the cause remanded, that a judgment may be entered according to the foregoing

AbserA, Judge Locütí,